IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALMOUSTAPHA ALHOUSSEINI        :    CIVIL NO. 3:CV-10-1354
          Petitioner,    :
                             :    (Judge Munley)
     v.                       :
                             :
ERIC HOLDER, et al.,             :
          Respondents:

## MEMORANDUM

Almoustapha Alhousseini ("petitioner"), presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE") incarcerated at the York County Prison, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on June 30, 2010. (Doc. 1). Following preliminary review of the petition (Doc. 1), see R. GOVERNING § 2254 CASES R. 4 (applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court), it is concluded that the petition will be referred to ICE as a request for review under 8 C.F.R. § 241.13.

I. **Background**

Petitioner, a native and citizen of Niger, entered the United States as a "B-1 Visitor" on or about May 18, 2005. (Doc. 1, at 3, ¶ 11.) He was taken into ICE custody on August 12, 2009. A final order of removal from the United States was issued on that same date. (Doc. 1-2, at 2.)

Since being detained by ICE he has had one custody status review on November 6, 2009. (Doc. 1-2, at 2.) At that time, ICE decided not to release him from custody based on

the following:

> You are a citizen of Niger who entered the United States as a B-1 visitor on May 18, 2005. You were arrested on April 1, 2009 by the Lower Paxton Township Police Department and charged with Criminal Trespass, Indecent Assault, and Assault. Disposition: You were convicted of Criminal Trespass and sentenced to 1 month to 12 months confinement. You were convicted of Indecent Assault with Forcible Compulsion and sentenced to 9 months to 23 months confinement. You were convicted of Simple Assault and sentenced to 9 months to 23 months confinement. You were ordered administratively removed from the United States by an AFOD on August 12, 2009. A travel document request was made by ICE to the Government of Niger on August 20th 2009. Due to the threat level you pose to the public coupled with the fact that your travel document can arrive at any time you will remain detained at this time.

(Doc. 1-2, at 2.) He was also advised that if he was not released or removed by January 31, 2010, jurisdiction of the custody decision in his case would be transferred to the Headquarters Case Management Unit (HQCMU).

## II. Discussion

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. §1231. Under §1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) provides the following:

The removal period begins to run on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. §1231. At the conclusion of the ninety-day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) & (6). The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Zadvydas v. Davis, 533 U.S. 678, 689 (2001). "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention." Id. at 701.

Following Zadvydas, regulations were promulgated to meet the criteria established by the Supreme Court. See 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(I). When release is denied pending the removal, as was the case here, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU. 8 C.F.R. § 241.13(d)(1). Pursuant to 8 C.F.R. § 241.13, special review procedures are established for "those aliens who are subject to a final order of removal and are detained under the custody review procedures provided at § 241.4 after the expiration of the removal period, where the alien has provided good reason

3

to believe there is no significant likelihood of removal to the country to which he or she was ordered removed, or to a third country, in the reasonably foreseeable future." 8 C.F.R. § 241.13(a). Significantly, an alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701. Id.

In the matter *sub judice*, all indications are that jurisdiction to make a determination concerning petitioner's custody would now lie with the HQCMU.[1] It does not appear that petitioner filed a written request for release with the HQCMU. Consequently, ICE will be ordered to treat the petition as a request for release under 8 C.F.R. §241.13.

An appropriate order accompanies this memorandum.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: July __, 2010

---

[1] The HQCMU is on the same administrative level and performs the same custody reviews as the Headquarters Post Order Detention Unit ("HQPDU"). See Tung Thanh Hoang v. Decker, Civil No. 3-CV-08-1748, 2008 WL 4793734, *3 (M.D.Pa. Oct.31, 2008) (Vanaskie, J.).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALMOUSTAPHA ALHOUSSEINI : CIVIL NO. 3:CV-10-1354
        Petitioner, :
: (Judge Munley)
v. :
:
ERIC HOLDER, et al., :
        Respondents:

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

AND NOW, to wit, this ___ day of July 2010, upon preliminary review of the petition pursuant to 28 U.S.C. § 2241 (Doc. 1), see R. GOVERNING § 2254 CASES R. 4, it is hereby ORDERED that:

1. The petition for writ of habeas corpus is DENIED.

2. As of the date of this order, ICE shall treat the petition for writ of habeas corpus as a request for release under 8 C.F.R. §§ 241.4 and 241.13. ICE shall provide petitioner with a response to his request within thirty days.

3. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

_____
JUDGE JAMES M. MUNLEY
United States District Court